IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
On Brief July 9, 2013

## MICHAEL W. SMITH v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 09-04071    Chris Craft, Judge

No. W2012-00509-CCA-R3-HC  - Filed September 30, 2013

Petitioner, Michael W. Smith, appeals the habeas corpus court's dismissal of his pro se petition for habeas corpus relief.  On direct appeal from his convictions for assault and aggravated burglary in Shelby County, this Court determined that the trial court constructively amended the indictments during the jury charge causing reversible error.  *See State v. Michael Smith*, No. W2011-01630-CCA-R3-CD, 2013 WL 3702369 at *7-8 (Tenn. Crim. App., at Jackson, July 12, 2013).  As a result, Petitioner's convictions were reversed and remanded for a new trial.  *Id.* at 1.  Because the habeas corpus petition in this case seeks a new trial, the judgment of this Court on direct appeal granting a new trial renders the instant appeal moot.  Accordingly, Petitioner's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Michael W. Smith, Pro Se, Memphis, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Amy P. Weirich, District Attorney General, and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual Background*

Petitioner was convicted of assault and aggravated burglary for events that occurred in February of 2009 in Shelby County.  He was sentenced to an effective sentence of seven years as a multiple offender.

Petitioner subsequently filed a pro se petition for habeas corpus relief in which he alleged that his convictions were void because the jury instructions given by the trial court constructively amended the indictment. The habeas corpus court dismissed the petition, finding that Petitioner failed to raise a cognizable claim for relief.

At or around the same time as the filing of the petition for habeas corpus relief, Petitioner filed a direct appeal of his convictions and sentence. On direct appeal, Petitioner also argued, among other things, that the trial court failed to give appropriate jury instructions. *Id.* at 7. At trial, the State alleged only one theory of liability in each count of the indictment. *Id.* at 9. When the trial court gave the charge to the jury, however, additional theories were included. *Id.* This Court, utilizing a plain error analysis, determined that the trial court constructively amended the indictment in its charge to the jury. *Id.* As a result, this Court reversed Petitioner's convictions and remanded the matter for a new trial. *Id.* The release of this Court's opinion on direct appeal and the decision to reverse and remand the convictions for a new trial make Petitioner's appeal of the denial of habeas corpus relief moot. Therefore, Petitioner's appeal should be dismissed.

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

_____
JERRY L. SMITH, JUDGE

-2-